PETER B. FIELDING V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED DECEMBER 21, 1904. No. 13,669.

Directing Verdict. Upon the undisputed evidence the trial court rightfully directed a verdict for the defendant.

ERROR to the district court for Custer county: HANSON M. GRIMES, JUDGE. Affirmed.

C. W. Beal and N. T. Gadd, for plaintiff in error.

J. W. Deweese and Frank E. Bishop, contra.

AMES, C.

Plaintiff, Fielding, was a section-hand, and Anderson was his foreman, employed by the defendant company at Mason City in this state. The track extends easterly and westerly past the station. At some point west of the station the two men loaded some railway ties on a push car. Fielding placed himself at the west end of the north side of the car and pushed it eastward. Anderson followed along at the west end of the south side, and as the car moved forward threw or pushed the ties off from it, at intervals, so that they fell at the south side of the track and remained where they struck the ground. After they had traveled some distance and the ties had all been removed in this manner, Anderson told Fielding to return westward with the empty car to the starting point. The latter then went to the east end of the south side of the car and sat down upon it with his back toward the west, and with his right foot

hanging down so as to come in contact with the south ends of the ties upon which the track was laid, and began propelling the car westward by kicking and pushing against them. It was broad daylight; the men had co-operated in placing the loose ties where they were, which was in plain sight, and both knew that some of them were lying very close to the track in violation of the rule of the company forbidding such things to be left by section-men nearer thereto than three feet. Fielding did not look westward in the direction in which he was pushing the car, or make any particular or especial observation respecting the position of the loose ties. After he had gone some distance his attention was attracted by a call from Anderson, and while he was looking toward him his right foot with which he was "kicking ties" was caught between a loose tie, lying within a few inches of the track, and the flange of the car wheel, and injured thereby. This action was brought to recover damages for the injury. The petition is in the usual form, and the answer is a general denial, coupled with a plea of contributory negligence. There is no conflict in the evidence, and at the conclusion of the trial Judge Grimes directed a verdict for the defendant, and rendered judgment accordingly. The plaintiff prosecutes error.

If Anderson was guilty of negligence in the manner in which he distributed the ties and in permitting them to remain where they alighted, Fielding, who was an experienced workman of mature years and acquainted with the rules of the company, was fully aware of that fact and participated in the fault. The plaintiff did, and was required to do, nothing by the command or direction of Anderson that contributed to the injury, of which the manner in which he propelled the car, and his lack of care in so doing, was the sole proximate cause.

It is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.